Matthew M. Lew, J.
The petitioner is engaged in the business of purchasing and selling used motor vehicles. It is licensed *992 by ,the respondent, the Commissioner of Licenses of the City of New York. The respondent duly notified the petitioner to appear for a hearing on September 29, 1959 on charges that it purchased automobiles and gave checks therefor which were dishonored by the bank and that there was an undisclosed principal. A subpoena was duly served upon the alleged principal, who was directed to produce relevant books and records. At the request of the petitioner, the hearing was adjourned to October 2,1959, at which time the petitioner was directed to produce its books of account. On that date, the petitioner appeared by attorney and again requested an adjournment. The request was denied, 'and the Commissioner, suspending the license forthwith, stated that the licensee ‘ ‘ may make an application for a reconsideration of this determination at such time as it is convenient for the Fortners [one of whom is the secretary of the licensee corporation, and the other the alleged undisclosed principal] to come in and go through a full hearing. "When we have finished the hearing we will determine whether or not to restore their license.” The petitioner failed to proceed as suggested, but, instead, instituted this proceeding for an order “ granting a hearing to the petitioner on the charges made against him [it] on a date to be fixed by the court”. Presumably, this is an effort on the part of the petitioner to review the respondent’s alleged refusal to grant a hearing (Civ. Frac. Act, art. 78).
Subdivision c of section 773a-7.0 of the Administrative Code of the City of New York provides: “ The commissioner when investigating any matters pertaining to # * * suspending or cancelling of any license is authorized in his discretion to take such testimony as may be necessary on which to base official action. "When taking such testimony he may subpoena witnesses and also direct the production before him of necessary and material books and papers.”
It is not necessary to determine here, as the respondent urges, that, in view of this statute, the licensee is not entitled to a hearing as a matter of right (cf. Matter of Hecht v. Monaghan, 307 N. Y. 461, 467-468). For, as I have hereinbefore indicated in the recitation of the facts, the record shows that a hearing had been granted to the petitioner, and that it failed to proceed therewith; whereupon its license was suspended pending appropriate application to the Commissioner to continue with the hearing upon an adequate statement of readiness.
When this proceeding was instituted in this court for an order “ granting a hearing ” before the Commissioner, the petitioner obtained a stay of enforcement of the suspension of the license. It is therefore obvious that what the petitioner actually seeks *993 here is the continuance of the stay pending the further hearing on the charges. The stay is denied. The charges preferred — after an investigation by the License Department — that the petitioner’s bank had returned approximately $80,000 of the petitioner’s checks because of insufficient funds, uncollected funds, or stop payment orders in the last four months, and that one Nat Portner, a person with a long criminal record, is an undisclosed principal owner of the licensed dealer, were serious accusations and warranted forthwith action and suspension by the Commissioner unless the petitioner could show that such charges were without foundation. This the petitioner did not do. Instead, it sought a further adjournment of the hearing, and the excuses given by the petitioner for its failure to respond were not substantiated.
Nor is it necessary to determine here, as the respondent urges, that the suspension is not a final order, and therefore article 78 of the Civil Practice Act cannot be invoked. I can envisage situations where an interim suspension may indeed be final as a practical matter. In the case at bar, however, the record readily discloses that there was no suspension plus dilatoriness on the part of the Commissioner, and that there is ample warrant to sustain his prompt action. For me to hold that the Commissioner should have done otherwise, would, I think, condone unnecessary delay which might lead to irreparable injury to innocent parties.
The application is accordingly denied. This disposition, however, is without prejudice to a proceeding after the petitioner has sought and been granted or denied a further hearing, and thereupon the petitioner believes the determination to be arbitrary, capricious or contrary to law.